Opinion filed December 21, 2006 


















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006               

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-06-00173-CR & 11-06-00174-CR 

                                                    __________

 

                               ANTHONY
AUSTIN METTS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
 County, Texas

 

                              Trial
Court Cause Nos. CR-29,169-A & CR-29,170-A

 



 

                                                                   O
P I N I O N

These are appeals pursuant to Tex. R. App. P. 31.  In each case, the trial court denied
the petition for writ of habeas corpus. 
We affirm.








Anthony Austin Metts was indicted for two offenses
of sexual assault of a child under the age of seventeen.  In each case, appellant entered a plea of
guilty.  Pursuant to the plea bargain
agreements, the trial court deferred the adjudication of appellant=s guilt in each case and placed him on community
supervision for ten years.  In Cause No.
11-06-00173-CR, the trial court also imposed a fine of $2,500.  Three months later, the State filed motions
to revoke the community supervision and to adjudicate guilt in each case.  Appellant entered pleas of true to the State=s allegations.  Pursuant to the plea bargain agreements, the
trial court entered orders further deferring the adjudication of guilt and
modifying the terms and conditions of appellant=s
community supervision including deleting the fine imposed in Cause No.
11-06-00173-CR.  Appellant later filed
petitions for pre-conviction writs of habeas corpus pursuant to Tex. Code Crim. Pro. Ann. art.  11.072
(Vernon 2005).  The trial court
denied both petitions, and appellant perfected these appeals.

On appeal, appellant contends that he received Aprejudicial representation during the
plea process.@  Appellant attacks his original guilty pleas
on the grounds that, in each case,  trial
counsel did not sufficiently pursue the motion to suppress and that trial
counsel erroneously advised appellant and his family concerning a possible
reduction in the amount of time appellant would be on deferred adjudication
community supervision and concerning his sentence if he did not accept the plea
bargain.  Appellant contends that, in
each case, he would not have entered his plea of guilty but for trial counsel=s erroneous advice concerning the
motion to suppress and punishment.

The Court of Criminal Appeals recently addressed a
pre-conviction habeas challenge to an original guilty plea in Kniatt v.
State, No. PD-0323-05, 2006 WL 1710881, *6 (Tex. Crim. App. June 20, 2006), and stated:

An
applicant seeking habeas corpus relief on the basis of an
involuntary guilty plea must prove his claim by a preponderance of the
evidence.  Ex parte Morrow, 952
S.W.2d 530, 535 (Tex. Crim. App. 1997). . . . An appellate court reviewing a
trial court's ruling on a habeas claim must review the record evidence in the
light most favorable to the trial court's ruling and must uphold that ruling
absent an abuse of discretion. Ex parte Peterson, 117 S.W.3d 804, 819
(Tex. Crim. App. 2003).

 

The
record reflects that the Midland Police Department was investigating the
illegal sale of items from the police department=s
property room.  During this
investigation, the police received information that appellant might have
purchased narcotics from someone who ran the property room.  The information also indicated that appellant
might be involved with underage females.         








As
part of the ongoing property room theft investigation, Texas Ranger Don
Williams went with Midland Police Lieutenant Cherry to Camp Longhorn
near Burnet where appellant was working as a counselor for the summer.  Ranger Williams testified that he told
appellant that Athere
were some things@
happening in Midland
that they wanted to talk to him about. 
Ranger Williams asked appellant to come with the two officers to the
Burnet County Sheriff=s
Department.  Ranger Williams testified
that appellant agreed and went voluntarily. 
Prior to contacting appellant, Ranger Williams was aware of one
allegation of sexual assault involving appellant, was aware that appellant had
been arrested  for possession of
marihuana a few weeks before, was aware that appellant had had a fifteen-
year-old girl with him at the time of that arrest, and was aware that appellant
Aliked to play like he was a police
officer.@

Ranger
Williams stated that, before talking with appellant at the sheriff=s department, he told appellant that he
was free to leave at anytime and that someone would give him a ride back to the
camp.  Ranger Williams also repeated this
statement to appellant several times during the interview.  No Miranda[1]
warnings were given.

Ranger
Williams testified that appellant was very cooperative, that appellant=s body language was Avery comfortable,@ that appellant Aactually
seemed like he was enjoying it,@
and that appellant assisted in the preparation of his statement by pointing out
spelling and grammatical errors. 
Appellant provided information about various drug dealers in Midland, and he
understood the process of giving his statement.








Appellant=s trial counsel testified that he had
written a letter six weeks before the plea hearing stating that, if the
adjudication of appellant=s
guilt was deferred, appellant might be able to request release from community
supervision after three and one-half to four years and that, if appellant went
to trial on all three charges, he would be facing a mandatory life
sentence.  Counsel further stated that he
met repeatedly with appellant and appellant=s
family after the letter was sent and before the plea hearing and explained
that, if appellant was required to register as a sex offender, he could not be
released from community supervision early. 
Counsel stated that he discussed at length with appellant and appellant=s family the risks involved with pursuing
the motions to suppress appellant=s
statement.  Counsel described how the
State=s offer
of deferred adjudication would be withdrawn if the motions to suppress were
pursued and detailed his analysis of the legal issues involved with the motions
to suppress.  Counsel stated that he had Avery serious discussions -- extremely
serious@
discussions -- with appellant and appellant=s
father about the consequences of pursuing the motions to suppress and of
accepting the plea agreements.  They had Amany meetings@
and Amany
discussions.@  Counsel testified that everyone understood
the situation and that no one told him that appellant wanted to go to
trial.  Counsel stated that his statement
in the letter concerning the mandatory life sentence was not a correct
statement of the applicable law and that for the two to three weeks prior to
the plea hearing there was no mention or discussion of a mandatory life
sentence.  Counsel unequivocally stated
that the Awhole key@ to deciding the strategy for appellant=s three cases was the chance of winning
the motions to suppress (which Awas
not very good@)
balanced against Athrowing
away a deferred adjudication chance@
in each of appellant=s
cases.

Appellant
testified that Ranger Williams told him that he needed to go with the officers
and that they had some questions that he needed to answer.  Appellant stated that, even though the
officers did not pull their guns, grab him, or put handcuffs on him, he did not
think that he had any other choice but to go with the officers.  The officers asked about the evidence missing
from the property room and about his sexual activity with underage girls.  Appellant stated that the words in his
statement were already typed into the computer when he saw the screen and that
he was only asked to check the statement for any misspelled names.  Appellant further testified that he went
willingly with the officers, that they told him a Acouple
of times@ that he
was free to leave, that he had had a chance to read through the statement, and
that Anothing
in the statement was incorrect.@









Appellant
testified that, if he had known at the time of the plea hearing what he knew at
the time of the habeas hearing, he would have gone to trial on all three
charges rather than accept the plea agreements of deferred adjudication on two
charges and the dismissal of the third. 
Appellant acknowledged that his trial counsel had worked hard to get his
adjudication deferred, that at the time of the plea negotiations that is what
he wanted, and that he was satisfied at that time with the deferred
adjudication.  However, appellant
testified that trial counsel Adid
not fully explain@ that the
deferred adjudications would not be Aoff@ his record.  Appellant stated that he started having
trouble with his situation A[t]he
minute [the trial judge] hit his gavel on the wooden block.@ 
Appellant testified that, while his trial counsel had explained the
legal concept of stacking sentences as it applied to his three charges, Ano one@
informed him of the punishment range for each charge.  He had relied on trial counsel=s representation that, if he went to
trial, he was facing a mandatory life sentence when he entered his pleas.  Even though the trial court admonished him at
the plea hearing that the range of punishment was confinement for a term of not
more than twenty and not less than two years, appellant stated at the habeas
hearing that he did not question the range of punishment or alleged mandatory
life sentence.

Appellant
also testified that he had no reason to believe that his trial counsel was not
telling the truth when counsel said that there was no future in pursuing the
suppression matter.  Appellant stated, AIf he had given me the comfort of
knowing, and if he had felt strongly that that suppression could have happened,
I would have entered a plea of not guilty.@  However, appellant  acknowledged that that was not the
situation.  Appellant also stated that,
approximately three weeks after he gave his statement, he was arrested and Akicked out@
of Camp Longhorn.

Appellant
is in essence challenging the effectiveness of his trial counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999).  
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.  2002); Stafford
v. State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).








The
record does not support appellant=s
contentions that the trial court abused its discretion by denying the writs for
habeas corpus.  The record does support
the trial court=s
conclusions that  appellant=s contentions that his trial counsel=s representation concerning the law
applicable to the circumstances surrounding his statement, concerning not
pursuing the suppression issue and accepting the plea bargain offers, and
concerning the letter with erroneous statements as to punishment were without
merit.  The record does not reflect that
counsel=s
representation was not within the range of competence demanded of attorneys in
criminal cases or that there is a reasonable probability that, but for counsel=s error, appellant would have not
pleaded guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Kober
v. State, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999); Ex parte Morrow,
952 S.W.2d 530 (Tex. Crim. App. 1997). 
The record also supports the trial court=s
conclusion that appellant failed to establish any prejudice.  Appellant=s
issues are overruled.

The
orders of the trial court are affirmed.

 

PER
CURIAM

 

December
21, 2006

Do
not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]Miranda v. Arizona, 384 U.S. 436 (1966).